**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| TIMOTHY CONNELL, | : | |
| | : | Civil Action No. 11-0616 (RMB) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION and ORDER** |
| | : | |
| U.S. DEPARTMENT OF JUSTICE, | : | |
| et al., | : | |
| | : | |
| Respondents. | : | |

**APPEARANCES:**

Petitioner <u>pro se</u>
#226264-3NC
Camden County Correctional Facility
330 Federal Street
P.O. Box. 90431
Camden, N.J. 08101

**BUMB**, District Judge

    Petitioner, confined at Camden County Correctional Facility in Camden, New Jersey, has submitted for filing to the Clerk of this Court a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.  He has paid the $5 filing fee.  Petitioner names as respondents U.S. Department of Justice, U.S. Parole Commission, John Doe, and Jane Doe.

    Among other things, 28 U.S.C. § 2242 requires the petition for a writ of habeas corpus to allege "the name of the person who has custody over [the petitioner]."  <u>See also</u> 28 U.S.C. § 2243

("The writ, or order to show cause shall be directed to the person having custody of the person detained."). "[T]hese provisions contemplate a proceeding against some person who has the <u>immediate</u> <u>custody</u> of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary." <u>Wales v. Whitney</u>, 114 U.S. 5674, 574 (1885) (emphasis added).

A federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. <u>See</u> <u>Lonchar v. Thomas</u>, 517 U.S. 314, 320 (1996); <u>Siers v. Ryan</u>, 773 F.2d 34, 45 (3d Cir. 1985), <u>cert. denied</u>, 490 U.S. 1025 (1989). <u>See also</u> 28 U.S.C. § 2243.

It appearing that:

1. The circumstances of Petitioner's incarceration as presented in the Petition are vague. The Court construes that Petitioner's parole has been revoked and that he is in Camden County Correctional Facility as a contract prisoner. Nevertheless, he must name as a respondent the individual who has immediate custody over him.

2. Petitioner has failed to name as a respondent an indispensable party the warden of the facility in which he is confined.

3.  Under the circumstances of this case, the warden of the facility where the petitioner is held is an indispensable party respondent, for want of whose presence the petition must be dismissed.

Accordingly,

IT IS on this **25th** day of **February 2011**,

**ORDERED** that the Petition shall be DISMISSED without prejudice; and it is further

**ORDERED** that the Clerk of the Court shall send Petitioner a blank form to be used in a § 2241 habeas corpus petition; and it is further

**ORDERED** that, if Petitioner wishes to reopen this action, he shall so notify the Court within 45 days of the date of entry of this Order, in writing addressed to the Clerk of the Court, Mitchell H. Cohen Building and U.S. Courthouse, Fourth and Cooper Streets, Camden, New Jersey, 08101; Plaintiff's writing shall include an amended petition naming the warden of the facility in which he is confined as a party respondent and also providing a clear statement of his claims conforming to the standards of a proper § 2241 habeas corpus petition; and it is finally

**ORDERED** that the Clerk of the Court shall close the file in this matter.

s/Renée Marie Bumb
Renée Marie Bumb
United States District Judge
