UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

TIMOTHY CONNELL,                  :
                                  :   Civil Action No. 11-0616 (RMB)
        Petitioner,               :
                                  :
        v.                        :   **OPINION**
                                  :
U.S. DEPARTMENT OF JUSTICE,       :
et al.,                           :
                                  :
        Respondents.              :

**APPEARANCES:**

Timothy Connell                       Allan B. K. Urgent
SBI 624559A / 690729                  Office of the U.S. Attorney
N.S.P.                                970 Broad Street
P.O. Box 2300                         Suite 700
Newark, NJ 07114                      Newark, NJ 07102
Petitioner <u>pro</u> <u>se</u>       Attorney for Respondent

**BUMB**, District Judge

    Petitioner Timothy Connell, who was confined at the time of filing the Petition at Camden County Correctional Facility in Camden, New Jersey, and is now confined at Northern State Prison, in Newark, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and has paid the $5 filing fee. The second amended petition, docket entry number 5, names the U.S. Parole Commission and Eric Taylor, Warden of Camden County Jail, as respondents.

    Because it appears from a review of the Petition that Petitioner is not entitled to relief, the Petition will be dismissed. <u>See</u> 28 U.S.C. § 2243.

I.  **BACKGROUND**

Petitioner Connell was sentenced in this district to a term of 25 years of imprisonment for conspiracy to obstruct justice, obstruction of justice, aiding and abetting, and illegal use of a fire arm to commit felonies.  Petitioner was mandatorily released from custody on May 24, 1997 pursuant to 18 U.S.C. § 4163.  Until June 6, 2007, Petitioner was to remain supervised "as if on parole" pursuant to 18 U.S.C. § 4164.

Petitioner subsequently violated the conditions of supervision and was arrested on a warrant on August 27, 2002.  A revocation hearing was held on October 29, 2002, at which time the U.S. Parole Commission found that Petitioner had violated three of the four charges brought in relation to the violation of the terms of supervision.  It was ordered that Petitioner was not to receive credit for the time spent on supervision.  The Commission revoked his mandatory release and set his parole date to October 27, 2003 with service of 14 months.  Petitioner did not receive credit for the time spent while released on supervision (also referred to as "street time") after May 23, 1997.  Petitioner did not appeal this decision.

A supplemental warrant was issued on December 17, 2002 to add another parole violation.  Petitioner's case was reopened and a reconsideration hearing was held on July 14, 2003.  Petitioner was found to have committed the additional violation, and it was

ordered that his parole date be set at February 27, 2005, with 30 months of incarceration. Petitioner administratively appealed the decision, but the National Appeals Board affirmed on September 25, 2003. Petitioner was released on parole on February 27, 2005, with parole supervision set until February 28, 2013.

Another warrant related to violation of the conditions of parole was later issued on September 14, 2009, related to Petitioner's commission of a bank robbery. The warrant issued at such time when Petitioner was being held in connection with the state robbery charges at the Camden County Correctional Facility in Camden, New Jersey. A detainer has been placed on Petitioner and the U.S. Marshals have been instructed to assume custody of Petitioner upon his release from state detention, however, the warrant has not yet been executed.

Petitioner filed his initial Petition on or about February 3, 2011, and subsequently filed an Amended Petition on or about March 3, 2011 and a Second Amended Petition on or about March 17, 2011, citing various grounds for relief. Petitioner lists the following three grounds in his second amended petition: "unauthorized use of Rule 2.28(f) of the Rules and Procedures Manual," "unauthorized use of Rule 2.26-02 of the Rules and Procedures Manual," and "unauthorized use of Rule 2.48-06(b) of the Rules and Procedures Manual." Petitioner seeks as relief for

this Court to: "1. Order the Parole Commission to Justify the use of the supplement warrant after revocation.  2. Order the Parole Commission to show cause and produce the two votes required to reopen petitioner's case.  3. Order the Parole Commission to credit petitioner sixteen months off his full term date of March 7, 2013."

Subsequent to Respondent's answer being filed, Petitioner submitted a document seeking to amend the Petition to add a claim regarding the forfeiture of street time pursuant to the Parole Commission's decision.

## II.   **LEGAL STANDARD**

Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the
Supreme Court, any justice thereof, the district courts
and any circuit judge within their respective
jurisdictions.

...

(c) The writ of habeas corpus shall not extend to a
prisoner unless-- ... (3) He is in custody in violation
of the Constitution or laws or treaties of the United
States ... .

A habeas corpus petition is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement, Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973), including challenges to prison disciplinary proceedings that affect the length of confinement, such as deprivation of good time credits, Muhammad v. Close, 540 U.S. 749 (2004) and Edwards v. Balisok,

4

520 U.S. 641 (1997).  See also Wilkinson v. Dotson, 125 S.Ct. 1242 (2005).  Habeas corpus is an appropriate mechanism, also, for a federal prisoner to challenge the execution of his sentence.  See Coady v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001); Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990).  In addition, where a prisoner seeks a "quantum change" in the level of custody, for example, where a prisoner claims to be entitled to probation or bond or parole, habeas is the appropriate form of action.  See, e.g., Graham v. Broglin, 922 F.2d 379 (7th Cir. 1991) and cases cited therein.

"Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence."  Coady v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001) (citations omitted).  A petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the district where the prisoner is confined provides a remedy "where petitioner challenges the effects of events 'subsequent' to his sentence."  Gomori v. Arnold, 533 F.2d 871, 874 (3d Cir.), cert. denied, 429 U.S. 851 (1976) (finding jurisdiction where prisoner challenged erroneous computation of release date).  See also Vega v. United States, 493 F.3d 310 (3d Cir. 2007) (finding jurisdiction where prisoner challenged BOP's failure to give credit for time served prior to federal sentence); Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1991)

(finding jurisdiction where prisoner challenged BOP refusal to decide whether to designate state prison as a place of serving federal sentence); Soyka v. Allredge, 481 F.2d 303 (3d Cir. 1973) (finding jurisdiction where petitioner alleged a claim for credit for time served prior to federal sentencing).

Convicted and sentenced prisoners retain the protections of the Due Process Clause of the Fifth and Fourteenth Amendments that the government may not deprive them of life, liberty, or property without due process of law.  See Wolff v. McDonnell, 418 U.S. 539, 556 (1974); Haines v. Kerner, 404 U.S. 519 (1972); Wilwording v. Swenson, 404 U.S. 249 (1971).  A liberty interest protected by the Due Process Clause may arise from either of two sources:  the Due Process Clause itself or from state or federal law.  See Hewitt v. Helms, 459 U.S. 460, 466 (1983); Asquith v. Department of Corrections, 186 F.3d 407, 409 (3d Cir. 1999).

### III. DISCUSSION

Petitioner brings this application under 28 U.S.C. § 2241 challenging the actions of the Parole Commission with respect to the previous revocation of his parole.  In support of his request that he receive credit for the sixteen additional months added on to his sentence when his parole revocation case was reopened, Petitioner claims that the Parole Commission acted inappropriately in certain actions, namely requesting that his case be reopened, that the case was reopened with only one vote,

and that the parole warrant was supplemented after the initial revocation hearing.  Petitioner brings his challenge by alleging that the Parole Commission violated their own Rules & Procedures Manual.

Here, it appears that Petitioner is not challenging the execution of his sentence, but rather argues that his due process rights were violated by the Parole Commission and their alleged non-adherence to certain sections of their own Rules and Procedures Manual.

It is well-settled law that a parolee facing revocation of parole has a constitutional liberty interest in his freedom and that the government may not revoke parole without providing due process.  See <u>Morrissey v. Brewer</u>, 408 U.S. 471, 483 (3d Cir. 1978).  However, Petitioner here had long ago faced the revocation that he refers to in the instant Petition.  The challenges made here are not to any current revocation proceedings but rather to a revocation decision for which the additional term of incarceration has already been completed.

Since he now has a subsequent and unrelated conviction, Petitioner now seeks to go back to challenge the reopen of the past revocation hearing by challenging the actions of the Parole Commission as non-compliant to their own policies.  However, Petitioner is not afforded any constitutional protections under the Parole Commission's rules and has not cited to any precedent

that would entitle him to habeas corpus relief on this basis. This Court is not constrained to consider Petitioner's claims as due process violations simply because Petitioner has labeled them as such.

Petitioner here does not appear to be challenging any parole detainer as it relates to the unrelated charges for which he is currently incarcerated. Rather, Petitioner is challenging the actions of the Parole Commission to reopen, a decision which occurred close to a decade ago and was previously ratified by the National Appeals Board.

Further, Petitioner is not currently in custody as a result of the actions of the Parole Commission that Petitioner attempts to challenge with this Petition. Petitioner long ago served the sixteen months term of service which was issued to him as a result of the Commission's actions which Petitioner challenges here. Petitioner has not shown any viable constitutional claims stemming from the alleged errors made by the Parole Commission related to the reopening of his case in 2003. Petitioner has not shown that he in custody in violation of the Constitution. Accordingly, the Petition will be dismissed since Petitioner has not shown that this Court has jurisdiction to consider his Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241.

**IV. CONCLUSION**

    For the reasons set forth above, the Petition is dismissed for lack of jurisdiction.  An appropriate order follows.

                                             s/Renée Marie Bumb
                                             Renée Marie Bumb
                                             United States District Judge

Dated: April 30, 2012